*E-FILED 03-12-2010*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MACH-T3 ENGINEERING, LLC, | No. C09-03886 HRL |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** |
| v. | |
| BAE SYSTEMS LAND & ARMAMENTS LP, | **[Re: Docket No. 20]** |
| Defendant. | |
| BAE SYSTEMS LAND & ARMAMENTS LP, | |
| Counterclaimant, | |
| v. | |
| MACH-T3 ENGINEERING, LLC, | |
| Counterdefendant. | |

    Plaintiff Mach-T3 Engineering, LLC ("Mach-T3") filed this action, invoking the court's diversity jurisdiction and asserting claims for breach of contract, quantum meruit, and open book account. Briefly stated, plaintiff alleges that defendant BAE Systems Land & Armaments LP ("BAE") owes hundreds of thousands of dollars for engineering and consulting services provided pursuant to the parties' agreements. BAE asserts a counterclaim for breach of contract, alleging that Mach-T3 accepted and kept duplicate payments from defendant.

1    Mach-T3 now moves for leave to file a first amended complaint (or, alternatively, to
2    supplement the original complaint) to add an additional breach of contract theory.  Plaintiff
3    contends that BAE improperly terminated the parties' contracts and prevented Mach-T3 from
4    performing work under those agreements.  Plaintiff also seeks to amend the amounts allegedly
5    owed by defendant on the existing claims — i.e., to correct certain errors and to reflect
6    payments that BAE made after the original complaint was filed.  BAE says nothing about the
7    proposed amendments to correct the sums allegedly owed.  However, defendant vigorously
8    opposes any amendment as to the alleged improper termination of the parties' contracts.
9    Pursuant to this court's February 26, 2010 order, this matter was deemed submitted without oral
10   argument.  CIV. L.R. 7-1(b).  Upon consideration of the moving and responding papers, this
11   court grants the motion.

12   Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend
13   and provides that "[t]he court should freely give leave when justice so requires."  FED. R. CIV.
14   P. 15(a)(2).  The decision whether to grant leave to amend under Rule 15(a) is committed to the
15   sound discretion of the trial court.  See Waits v. Weller, 653 F.2d 1288, 1290 (9th Cir. 1981).
16   Leave need not be granted, however, where the amendment would cause the opposing party
17   undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay.
18   Foman v. Davis, 371 U.S. 178, 182 (1962).  "Absent prejudice, or a strong showing of any of
19   the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting
20   leave to amend."  Eminence Capital LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

21   BAE argues that all four Foman factors are present here.  Chief among defendant's
22   contentions is that plaintiff unduly delayed in seeking amendment.  It appears that plaintiff now
23   wishes to assert an additional breach of contract theory based on information that it has known
24   for several months.  Nevertheless, the record presented indicates that, in the months after the
25   original complaint was filed, BAE led plaintiff to believe that it was working to achieve a
26   "global resolution" of all issues, including any dispute as to the alleged improper contract
27   termination.  (See Nuddleman Reply Decl., Ex. B).  Although plaintiff conceivably might have
28

1 sought amendment sooner, under the circumstances presented here, the court does not find that
2 any delay was undue.

3 Nor has BAE shown that it will be seriously prejudiced by the amendment. Here,
4 defendant contends that the proposed amendment will convert what it viewed as a simple
5 collection action into a more complex "termination" action with twice the amount of damages
6 than those claimed in the original complaint. BAE argues that, in view of the April 23, 2010
7 close of fact discovery, it simply will not have enough time to prepare its defense. Relying
8 primarily upon AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946 (9th Cir. 2006),
9 BAE argues that plaintiff's motion must be denied. However, in that case, the movant,
10 AmerisourceBergen, knew of the requisite facts for over a year and did nothing about it.
11 AmerisourceBergen Corp., 465 F.3d at 953. Additionally, just three months prior to seeking
12 amendment, AmerisourceBergen admitted to certain facts which it sought to drastically change
13 on an amended pleading. Id. Here, plaintiff's proposed amendment appears to be based upon
14 essentially the same universe of facts alleged in the original complaint. And, the court does not
15 find any shift in the nature of the case to be nearly as dramatic as BAE contends. Moreover,
16 discovery remains open, and trial is some six months away. If BAE finds that, despite all due
17 diligence, it needs more time beyond April 23, 2010 in which to conduct discovery, it may
18 make an application to this court for good cause shown.

19 BAE next argues that the proposed amended pleading is futile because it does not allege
20 sufficient facts to overcome a Fed. R. Civ. P. 12(b)(6) motion to dismiss. However, the
21 proposed amended pleading (a) specifies the contracts in question; and (b) alleges that BAE
22 "has not complied with the early termination requirements in the contracts" and "prevented
23 Plaintiff from further performing work on contracts by refusing to allow Plaintiff entry onto
24 Defendant's premises prior to the termination dates specified in the contracts." (Mot. Ex. A
25 (Proposed Amended Complaint at 4-5)). These allegations are sufficient to state a claim for
26 relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct.
27 1955, 167 L.Ed.2d 929 (2007).
28

3

Finally, BAE asserts that amendment is sought merely to gain some (unfair) leverage at the parties' mediation. However, on the record presented, this court finds no sound basis to conclude that plaintiff is seeking the amendment in bad faith.

Accordingly, plaintiff's motion to amend is granted. Plaintiff's alternate motion to supplement the existing complaint is deemed moot. Mach-T3 shall file its amended pleading as a new docket entry forthwith. Response to the amended complaint shall be made in accordance with the Federal Rules of Civil Procedure. See FED. R. CIV. P. 15(a)(3).

SO ORDERED.

Dated:   March 12, 2010

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

1  5:09-cv-03886-HRL Notice has been electronically mailed to:

2  Robert Edward Nuddleman robert@griegolaw.com

3  Steven Paul Rice srice@crowell.com, sfortelny@crowell.com

4  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.